## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KEYANNA FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00421-MTS |
| | ) |
| FEDERAL U.S. MARSHALS, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Keyanna Fields's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [3]. Having reviewed the Application and the financial information therein, the Court finds that Plaintiff is unable to pay the filing fee. The Court will therefore allow Plaintiff to proceed in forma pauperis in this matter. 28 U.S.C. § 1915(a)(1). But on review of the Complaint, the Court concludes that it fails to state a claim upon which relief may be granted. *See id.* § 1915(e)(2). Nevertheless, the Court will allow Plaintiff the opportunity to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1128 n.9 (9th Cir. 2000) (en banc).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

**The Complaint**

Plaintiff is self-represented in this matter. She brings this suit against the United States Marshals Service for alleged violations of her civil rights.  She states that on November 29, 2023, officers from the Marshals Service arrived at her home with a body warrant for her son.  She alleges the officers kicked in her door, grabbed her arm, "took out [her] whole living room window," and broke her son's headboard.  Plaintiff reports that she experienced internal bruising because of the officers' conduct.  She further states that the officers "destroyed her house

2

intentionally" and performed an illegal search. She seeks compensation for the damage caused to her home and an order prohibiting the Marshals Service from engaging in similar conduct against others in the future.

## Discussion

Liberally construed, Plaintiff appears to assert a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. Plaintiff can also be understood to assert an illegal search claim under the Fourth Amendment. Both claims are subject to dismissal for the reasons below.

### 1. The FTCA

It is well established that the United States is entitled to sovereign immunity and cannot be sued without its consent. *Honda v. Clark*, 386 U.S. 484, 501 (1967). The FTCA, however, "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). A claim is actionable under the FTCA if it alleges the six elements of 28 U.S.C. § 1346(b):

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)). As the first element suggests, the United States is the only proper defendant in an action under the FTCA. *See Bailey v. U.S. Marshals Serv. Headquarters*, 426 F. App'x 44, 46 (3d Cir. 2011) (per curiam) (agreeing with the district court that the plaintiff's claim against the Marshals Service

3

failed as a matter of law because the United States is the only proper defendant in a claim under the FTCA).  Thus, Plaintiff's FTCA claim fails as a matter law because Plaintiff names only the "Federal U.S. Marshals" as a Defendant in this case.  Federal agencies cannot be sued under the FTCA.  *See* 28 U.S.C. § 2679(a); *see also Brooks v. Wilkie*, 4:21-cv-01326-MTS, 2023 WL 2913573, at *2 (E.D. Mo. Apr. 12, 2023) (citing *Duncan v. Dep't of Lab.*, 313 F.3d 445, 447 (8th Cir. 2002) (per curiam)).

Further, it is unclear whether Plaintiff has satisfied the FTCA's notice requirements.  Under 28 U.S.C. § 2675(a), a claim for damages against the government must first be presented to the appropriate federal agency.  The administrative presentment requirement is designed to give federal agencies "a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit."  *Mader v. United States*, 654 F.3d 794, 801 (8th Cir. 2011) (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)).  Put another way, before bringing an action against the United States, a claimant must present her claim to the appropriate federal agency, and the agency must make a final decision.  *Bohac v. Walsh*, 386 F.3d 859, 861 (8th Cir. 2004).  Failure to comply with the exhaustion requirement will result in the dismissal of the suit for lack of subject matter jurisdiction.  *See Mader*, 654 F.3d at 808 (concluding "that conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity"); *see also Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (stating that "[a] federal district court does not have jurisdiction over an FTCA claim unless it was first presented to the appropriate federal agency").

Here, Plaintiff states that she "sent receipts to USMS Tort Claims" but did not receive a reply.  The Department of Justice has promulgated regulations that define the conditions upon which a claim may be "deemed to have been presented" to a federal agency.  Under 28 C.F.R.

4

§ 14.2(a), a claim is "deemed to have been presented" when the agency receives "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property[.]" While Plaintiff states that she sent receipts to the Marshals Service, she does not state whether the receipts were "accompanied by a claim for money damages in a sum certain[.]" Thus, it is unclear whether this Court has jurisdiction over Plaintiff's FTCA claim. *See Allen*, 590 F.3d at 544.[*]

### 2. Illegal Search

Plaintiff can also be understood to bring an illegal search claim under the Fourth Amendment. The United States Supreme Court has "authorized a damages action against federal officials for alleged violations of the Fourth Amendment." *Egbert v. Boule*, 596 U.S. 482, 486 (2022) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396 (1971)). Such an action, however, cannot be maintained against the United States or its agencies because of sovereign immunity. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). Thus, the Court lacks subject matter jurisdiction over Plaintiff's standalone Fourth Amendment claim. *See Meyer*, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature.").

### Motion to Appoint Counsel

Plaintiff also has filed a Motion for Appointment of Counsel. Doc. [2]. A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed

---

[*] Even if Plaintiff had named the proper defendant and established adequate notice, her claim for injunctive relief still would be subject to dismissal. The FTCA only provides for monetary damages. *See E. Ritter & Co. v. Dep't of Army, Corps of Engineers*, 874 F.2d 1236, 1244 (8th Cir. 1989).

5

in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having reviewed these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

## Conclusion

For the foregoing reasons, Plaintiff's Complaint is subject to dismissal. However, considering Plaintiff's self-represented status and considering amendment could readily cure the issues discussed herein, the Court will give Plaintiff an opportunity to file an amended complaint. *Cf. White v. Iowa Prison Indutries*, 198 F.3d 252 (8th Cir. 1999) (per curiam) (concluding that district court *could* dismiss pro se complaint without providing an opportunity to amend (citing *Christiansen v. Clarke*, 147 F.3d 655, 657–58 (8th Cir. 1998))); *Love v. Andrews*, 8 F. App'x 602, 603 (8th Cir. 2001) (per curiam) (same); *Lopez*, 203 F.3d at 1128 n.9 (noting the Court of Appeals for the Eight Circuit in *Christiansen* allowed but did not say it "require[d] a district court to dismiss without leave to amend"). Plaintiff shall explain in the amended complaint whether she has

6

satisfied the FTCA's notice requirements and shall attach thereto a copy of any written demand she has sent to the U.S. Marshals Service.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [2], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a blank copy of the Court's Civil Complaint form (MOED-0032).

**IT IS FINALLY ORDERED** that, no later than **Monday**, **October 21, 2024**, Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions set forth herein.

**If Plaintiff fails to timely comply with this Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 20th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE