UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEYANNA FIELDS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-00421-MTS |
| UNITED STATES MARSHALS SERVICE, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Keyanna Fields's Amended Complaint. Doc. [10]. The Court will dismiss this action for the reasons discussed below.

**Background**

This matter arises from an incident that occurred on November 29, 2023, when officers from the United States Marshals Service entered Plaintiff's home to execute a body warrant for her son. Doc. [1]. Plaintiff alleges the officers kicked in her door, grabbed her arm, "took out [her] whole living room window," and broke her son's headboard. *Id.* Plaintiff reports that she experienced internal bruising because of the officers' conduct. *Id.* She further states that the officers "destroyed her house intentionally" and performed an illegal search. *Id.*

The Court liberally construed Plaintiff's original complaint to assert claims under the Fourth Amendment and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. Doc. [9]. After careful review, the Court issued an order explaining that the Marshals Service is entitled to sovereign immunity on Plaintiff's Fourth Amendment claim. *Id.*

(citing *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998)).  The Court also explained that the United States itself—not one of its agencies—is the only proper defendant in an FTCA action.  *Id.*  (citing *Bailey v. U.S. Marshals Serv. Headquarters*, 426 F. App'x 44, 46 (3d Cir. 2011)).  In light of Plaintiff's self-represented status, the Court gave Plaintiff thirty (30) days to file an amended complaint.  *Id.*

Plaintiff filed her Amended Complaint on October 7, 2024.  Doc. [10].  The allegations in the Amended Complaint mirror those in the original complaint.  Plaintiff again names the United States Marshals Service as the sole defendant.  *Id.*

### Legal Standard on Initial Review

Federal law allows individuals who cannot afford court fees to file lawsuits without prepaying those fees, a status known as proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  While this provision promotes access to the courts, it includes statutory safeguards that require the Court to evaluate a complaint before issuing service of process on defendants.  Under this initial screening process, the Court must dismiss any complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  *See id.* § 1915(e)(2).

The Court granted Plaintiff's motion to proceed *in forma pauperis* on September 20, 2024.  Doc. [9].  Because Plaintiff is proceeding *in forma pauperis*, her Amended Complaint is subject to review under § 1915(e)(2).  The Court must liberally construe her Amended Complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  If the essence of an allegation is discernible, the Court will interpret the Amended Complaint in a way that

allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt Plaintiff from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support Plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## Discussion

Plaintiff can again be understood to assert claims under the Fourth Amendment and the FTCA. Her Amended Complaint suffers the same fundamental flaws as the original.

First, Plaintiff still names only the United States Marshals Service as Defendant. As the Court previously explained, the United States itself is the only proper defendant in an action under the FTCA. *See* 28 U.S.C. § 2679(a); *see also Brooks v. Wilkie*, 4:21-cv-01326-MTS, 2023 WL 2913573, at *2 (E.D. Mo. Apr. 12, 2023) (citing *Duncan v. Dep't of Lab.*, 313 F.3d 445, 447 (8th Cir. 2002) (per curiam)). For this reason, the Court will dismiss Plaintiff's FTCA claim. *See Staszak v. United States*, 847 F. App'x 365, 366 (8th Cir. 2021) (per curiam) (affirming dismissal of FTCA claim against individual defendant); *see also Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("[T]he district court correctly dismissed [plaintiff's] FTCA claims against every defendant except the United States on the ground that those defendants were not proper parties.").

Second, to the extent Plaintiff seeks to assert a standalone claim under the Fourth Amendment, the Court lacks subject matter jurisdiction over such a claim. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal

3

official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). As explained in the Court's previous order, *Bivens* does not extend to federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (refusing to extend *Bivens* to federal agencies and noting an individual must be named as defendant under *Bivens*); *see also Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) ("We have seen no case for extending *Bivens* to claims against federal agencies . . . ."). Thus, the Court must also dismiss Plaintiff's Fourth Amendment claim. *See Bravo v. U.S. Marshals Serv.*, 684 F. Supp. 3d 112, 124 (S.D.N.Y. 2023) ("As a federal entity, the U.S. Marshals Service cannot be held liable under *Bivens*. Plaintiff's *Bivens* claims against it are, therefore, dismissed.").

## Conclusion

Plaintiff's Amended Complaint suffers the same deficiencies as the original. Consequently, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint, Doc. [10], is **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of October 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE